# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **RICKY LEE HOLLOWAY,** | * |
| *Petitioner*, | * |
| | * Civil No. RWT 16-0366 |
| v. | * Criminal No. RWT 13-0525 |
| **UNITED STATES OF AMERICA,** | * |
| *Respondent*. | * |

## MEMORANDUM OPINION

Now pending before the Court are Petitioner's (1) Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence ("§ 2255 Motion"), ECF No. 207, and (2) Motion to Amend and Supplement Pursuant to Federal Rule of Civil Procedure 15(c) and (d) ("Motion to Amend"), ECF No. 252. For the reasons discussed below, the Court will deny both Motions.

### 1. Background Facts

On December 2, 2013, a grand jury indicted Petitioner for (1) conspiracy to distribute and possess with intent to distribute one kilogram or more of phencyclidine, in violation of 21 U.S.C. § 846, and (2) distribution and possession with intent to distribute a mixture or substance containing 100 grams or more of phencyclidine, in violation 21 U.S.C. § 841(a)(1) and 18 US.C. § 2. ECF No. 17. On December 19, 2013, Petitioner had his initial appearance. ECF No. 25. On March 5, 2014, the Court issued an Order scheduling a six-day trial to begin on October 9, 2014. ECF No. 52. On May 5, 2014, Petitioner filed consolidated pretrial motions to suppress statements he made, sever counts from the Superseding Indictment, and sever his trial from that of his co-defendants. ECF No. 66. The Government responded on July 18, 2014.

ECF No. 68. On August 27, 2014—more than eight months after his initial appearance and forty-three days before trial—Petitioner signed a plea agreement. ECF No. 83.

Before signing the plea agreement, Petitioner's counsel mailed him a letter explaining his plea options. ECF No. 207-1. The letter indicated that Petitioner could agree to a "C" plea, which, if accepted by the Court, would have bound him to a sentence of 168 months imprisonment. *Id.* Alternatively, Petitioner could agree to a sentencing range of 168 to 188 months, with the Government making a low-end recommendation of 168 months. *Id.* Petitioner was told that he would be free to request that the Court impose a lower sentence, but not less than the mandatory minimum of ten years. *Id.* Petitioner chose the latter option. ECF No. 83.

The plea agreement provided that (1) Petitioner's Base Offense Level ("BOL") was 38 under U.S.S.G. § 2D1(c)(1), (2) the Government would not oppose a 2-level reduction of the BOL to 36 for his prompt recognition and affirmative acceptance of personal responsibility for his criminal conduct pursuant to § 3E1.1(a), (3) the BOL could be reduced to 34 in anticipation of the forthcoming changes to the Drug Quantity Table in U.S.S.G. § 2D1.1, and (4) there was no agreement on his criminal history or criminal history category. *Id.* ¶¶ 8a, 8b 9, 11.

The plea agreement further set out the nature of Petitioner's charge and the elements of his offense. Paragraph One explained the offense to which Petitioner would plead guilty. *Id.* ¶ 1. Paragraph Two explained the elements of that offense. *Id.* ¶ 2. The plea agreement also stated the following under the Factual and Advisory Guidelines Stipulation section:

> This Office and [Petitioner] agree that with respect to the calculation of criminal history and the advisory guidelines range, **no other . . . adjustments set forth in the United States Sentencing Guidelines will be raised or are in dispute**. [Petitioner] reserves the right to argue for a sentence outside of the advisory guidelines range, and will notify the Court, the United States Probation Officer, and government counsel at least fourteen days in advance of sentencing of the facts or issues he intends to raise.

*Id.* ¶ 10 (emphasis added).

> By signing the plea agreement, Petitioner affirmed the following:
>
> I have read this agreement . . . and carefully reviewed every part of it with my attorney. I understand it, and I voluntarily agree to it. **Specifically, I have reviewed the Factual and Advisory Guidelines Stipulation with my attorney, and I do not wish to change any part of it**. I am completely satisfied with the representation of my attorney.

*Id.* at 8 (emphasis added). Petitioner's counsel signed the agreement as well. *Id.* By signing the agreement, Petitioner waived his right to appeal except if the sentence imposed exceeded the Guidelines range provided for in the agreement or there was a technical error. *Id.* at 6.

On August 28, 2014, Petitioner pleaded guilty to conspiracy to distribute one kilogram or more of a mixture or substance containing a detectable amount of phencyclidine, in violation of 21 U.S.C. § 846. ECF No. 82. At the rearraignment hearing, Petitioner told the Court that he had received the Superseding Indictment, had discussed the charges with his attorney, and was satisfied with the advice of his counsel. ECF No. 213 at 4:9–20. When the Court asked about the plea agreement, Petitioner responded that he had read it, that he discussed its contents with his attorney, that his attorney was able to answer any questions that he had about it, and that he signed it. *Id.* at 5:4–21. The Government then summarized the plea agreement for the Court and specifically outlined how the Guidelines were calculated, never mentioning U.S.S.G. § 3E1.1(b). *Id.* at 7:8–13:13, 8:2–6, 8:19–11:13. Afterwards, Petitioner told the Court that he did not have any concerns about the summary and that it was accurate. *Id.* at 13:22–25, 14:1–3.

The Court then asked Petitioner if he and his attorney had discussed the Guidelines, and Petitioner confirmed that they had. *Id.* at 18:23–19:1. Even so, the Court explained how the Guidelines worked and how they would be used to calculate his sentence. *Id.* at 18:23–24:4. The Court explained to Petitioner that his BOL would be 38, but it would be reduced by two levels to 36, and that his level could be reduced even further to 34 if the Guidelines changed. *Id.* at 20:24–21:5, 21:16–23. Petitioner indicated that he understood all of this. *Id.* at 20:24–25,

3

21:1–23. Guidelines § 3E1.1(b) was never mentioned, and when the Court asked Petitioner if the plea agreement was the "entire agreement," and whether anyone made private deals with or secret assurances to him, Petitioner indicated that no one had and the agreement was the whole deal. *Id.* at 15:6–23. The Court later concluded that Petitioner was fully competent and capable of entering the plea, that his plea was knowing and voluntary, and that he was aware of the nature and consequences of his plea. *Id.* at 31:25–32:8.

On January 21, 2015, the Court sentenced Petitioner to 168 months imprisonment followed by five years of supervised release. ECF No. 168. In determining Petitioner's sentence, the Court found Petitioner's BOL to be 34 and his criminal history category to be II instead of III because of an overrepresented 2003 conviction, resulting in a Guidelines range of 168 to 210 months imprisonment. ECF No. 169. Petitioner's attorney did not ask for an adjustment under U.S.S.G. § 3E1.1(b), nor did the Government move for one. Petitioner's attorney did ask the Court to sentence Petitioner below the Guidelines range to the statutory minimum of ten years imprisonment. *Id.* As support, Petitioner's attorney provided the Court with a letter from Petitioner, information on Petitioner's background, and testimony by members of Petitioner's family. *Id.* Petitioner also asked the Court himself for the mandatory minimum. *Id.* Petitioner did not appeal his sentence.

Petitioner filed his § 2255 Motion on February 1, 2016, claiming that his counsel provided ineffective assistance by not seeking a sentence adjustment under U.S.S.G. § 3E1.1(b). ECF No. 207. The Government filed its Opposition to Petitioner's § 2255 Motion on May 2, 2016. ECF No. 218. Petitioner filed his Motion to Amend on June 2, 2017, adding new claims that his counsel was ineffective by failing (1) to inform him of the true nature of the charges against him, and (2) to appeal his sentence, and that his sentence was in plain error.

ECF No. 252. The Court ordered the Government to respond to Petitioner's Motion to Amend on May 15, 2018, ECF No. 283, which the Government did on June 1, 2018 ("Response"). ECF No. 285. Petitioner filed a Reply to the Government's Response ("Reply"), in which he appears to add a new claim of ineffective assistance of counsel as well as a new claim challenging the order of forfeiture against him. ECF No. 291. The Government filed, with the Court's permission, a Surreply, addressing the added claims in Petitioner's Reply. ECF No. 294.

### 2. Petitioner's § 2255 Motion

Petitioner asserts that his sentence should be vacated, set aside, or corrected because his attorney provided ineffective assistance of counsel under the Sixth Amendment when he failed to ask for a sentencing adjustment under U.S.S.G. § 3E1.1(b) in both Petitioner's plea agreement and at the sentencing hearing. ECF No. 207 at 5. Petitioner's claims, however, have no legal basis.

To prevail on a § 2255 motion, a petitioner must prove by a preponderance of the evidence that "[his] sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack . . . ." 28 U.S.C. § 2255 (2012); *Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958). If the § 2255 motion, along with the files and records of the case, "conclusively show that [he] is entitled to no relief," a hearing on the motion is unnecessary and the claims raised in the motion may be dismissed summarily. *See* § 2255; *Miller*, 261 F.2d at 547.

Courts examine claims of ineffective assistance of counsel under the two-prong test set forth in *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Under the performance prong, a defendant must show that counsel's performance was deficient. *Id.* "Judicial scrutiny of counsel's performance must be highly deferential." *Id.* at 689; *see United States v. Terry*,

5

366 F.3d 312, 317 (4th Cir. 2004). The alleged deficient performance must be objectively unreasonable and "requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Strickland*, 466 U.S. at 689. The Court must evaluate the conduct at issue from counsel's perspective at the time, and must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.*

Under the prejudice prong, a defendant must show that the deficient performance prejudiced the defendant, and, but for counsel's unprofessional errors, there is a reasonable probability that the result of the proceeding would have been different. *Id.* at 687, 694. "[I]n the guilty plea context, a person challenging his conviction must establish 'a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.'" *United States v. Fugit*, 703 F.3d 248, 260 (4th Cir. 2012) (citation omitted). "The Supreme Court has specified, furthermore, that such an individual 'must convince the court' that such a decision 'would have been rational under the circumstances.'" *Id.* (citation omitted). "The challenger's subjective preferences, therefore, are not dispositive; what matters is whether proceeding to trial would have been objectively reasonable in light of all of the facts." *Id.* A petitioner has to make the requisite showing under both prongs to prevail. *Id.* at 669.

### A. Petitioner Has Not Shown that His Counsel's Performance Was Deficient for Not Requesting an Adjustment Under U.S.S.G. § 3E1.1(b).

Guidelines § 3E1.1 provides for a reduction in a defendant's BOL where the defendant demonstrates an acceptance of responsibility:

> (a) If the defendant clearly demonstrates acceptance of responsibility for his offense, decrease the offense level by 2 levels.

> (b) If the defendant qualifies for a decrease under subsection (a), the offense level determined prior to the operation of subsection (a) is level 16 or greater, and upon motion of the government stating that the defendant has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the court to allocate their resources efficiently, decrease the offense level by 1 additional level.

U.S.S.G. Manual § 3E1.1 (U.S. Sentencing Comm'n 2014).

Commentary application note 3 to § 3E1.1 makes clear that "[a] defendant who enters a guilty plea is not entitled to an adjustment under this section as a matter of right." *Id.* § 3E1.1 cmt. n.3. Commentary application note 6 goes on to explain that conduct qualifying of the additional one-level reduction provided for in § 3E1.1(b) "will occur particularly early in the case," and that "the defendant must have notified authorities of his intention to enter a plea of guilty at a sufficiently early point in the process so that the government may avoid preparing for trial and the court may schedule its calendar efficiently." *Id.* § 3E1.1 cmt. n.6.

In this case, Petitioner did not timely notify authorities of his intention to enter a plea of guilty. Petitioner decided to accept a plea agreement more than eight months after his initial appearance on the Superseding Indictment and forty-three days before trial. During that period, the Government had to reply to Petitioner's consolidated motion and prepare for a hearing, which was to be held the day before Petitioner's rearraignment hearing. *See* ECF No. 71; ECF No. 82. Petitioner, therefore, did not "permit[] the government to avoid preparing for trial and permit[] the government and the court to allocate their resources efficiently." U.S.S.G. Manual § 3E1.1(b). Moreover, the commentary makes clear that "[b]ecause the Government is in the best position to determine whether the defendant has assisted authorities in a manner that avoids preparing for trial, an adjustment under subsection (b) may only be granted upon a formal motion by the Government at the time of sentencing," which the Government did not do in this case. *Id.* § 3E1.1 cmt. n.6.

Based on the foregoing, Petitioner's counsel was not deficient for not seeking the additional reduction under § 3E1.1. *See Van Wart v. United States*, No. RWT-07-0492, 2013 WL 3788535, at *7 (D. Md. July 18, 2013) (holding that counsel was not objectively unreasonable for failing to object to a sentencing enhancement because counsel did not have grounds to object). Because the Government had the sole discretion to move for the one-level reduction and Petitioner waited eight months to plead guilty, Petitioner's attorney did not have grounds to seek the reduction. Petitioner's attorney's failure to ask for the reduction at sentencing, therefore, cannot be deemed unreasonable under the circumstances.

### B. Petitioner Has Not Shown that He Was Prejudiced by His Counsel's Failure to Request an Adjustment Under U.S.S.G. § 3E1.1(b).

Even though his attorney did not commit any errors, if he had, Petitioner has not shown that "[Petitioner] would not have pleaded guilty and would have insisted on going to trial." *Fugit*, 703 F.3d at 260 (citation omitted). As the Government noted in its Opposition,

> [h]ad Petitioner proceeded to trial, Petitioner would have faced a maximum sentence of life imprisonment, $1,000,000 fine, and lifetime supervised release on Count One, a maximum sentence of 40 years imprisonment, $5,000,000 fine and lifetime supervised release on Counts Two through Four, and a mandatory minimum consecutive sentence of 20 years imprisonment on Count Six.

ECF No. 218 at 16. Instead, by pleading guilty Petitioner was sentenced to only 168 months imprisonment and received a two-level reduction in his Guidelines calculation, which he would not have received had he been convicted at trial. *Id.* As such, Petitioner has not shown that there was a reasonable probability that the result of the proceeding would have been different. *Strickland*, 466 U.S. at 687, 694. To forgo the plea and go to trial would not have been "rational under the circumstances." *Fugit*, 703 F.3d at 260. Petitioner, therefore, was not prejudiced by the alleged ineffective assistance of counsel.

### 3. Petitioner's Motion to Amend

In his Motion to Amend, Petitioner adds two claims of ineffective assistance of counsel, asserting that his counsel (1) failed to inform him of the true nature of the charges against him, and (2) failed to file a direct appeal, and a claim that his sentence was plain error under *Molina-Martinez v. United States*, 136 S. Ct. 1338 (2016). ECF No. 252. In his Reply, Petitioner appears to assert another round of new claims, alleging that (1) his counsel provided ineffective assistance by failing to challenge the indictment against him based on a multiplicity of counts in violation of the Double Jeopardy Clause, and (2) the forfeiture order in his case has subsequently been invalidated in light of *Honeycutt v. United States*, 137 S. Ct. 1626 (2017). ECF No. 291. The Government argues that his Motion to Amend is untimely and futile. ECF No. 285. The Court agrees.

Federal Rule of Civil Procedure 15 governs requests to amend a § 2255 motion. *See United States v. Pittman*, 209 F.3d 314, 317 (4th Cir. 2000). Under Rule 15(a), a party may amend a pleading to which a responsive pleading is required "21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1). Otherwise, a party may amend only with the opposing party's consent or the court's leave. Fed. R. Civ. P. 15(a)(2). A court "should freely give leave [to amend] when justice so requires." *Id.* "In fact, such leave 'should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile.'" *Forman v. Davis*, 371 U.S. 178, 182 (1962). "Where the statute of limitations bars a cause of action, amendment may be futile and therefore can be denied." *Pittman*, 209 F.3d at 317 (citing *Keller v. Prince George's County*, 923 F.2d 30, 33 (4th Cir. 1991)).

Under Rule 15(c), as is relevant here, an untimely amendment can be saved if it "relates back" to the date of the original pleading. An amendment relates back when "[it] asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading." Fed. R. Civ. P. 15(c)(B). The "conduct, transaction, or occurrence" must be more than merely the defendant's underlying conviction and sentence to sufficiently relate back. *United States v. Pittman*, 209 F.3d 314, 318 (4th Cir. 2000) (requiring a closer nexus between original pleading and proposed amendment than just defendant's trial and sentencing proceeding).

Claims under § 2255 are subject to a one-year statute of limitations, which begins to run from the date on which the judgment of conviction becomes final. 28 U.S.C. § 2255(f). When a defendant does not file a direct appeal, the one-year limitations period begins to run when the district court enters judgment of conviction and the time to pursue an appeal lapses. *Gonzales v. United States*, No. RWT-15-2501, 2016 WL 8652293 at *2 (D. Md. July 7, 2016) (citing *Whiteside v. United States*, 775 F.3d 180, 182–83 (4th Cir. 2014)).

The Court entered its judgment on January 26, 2015, so Petitioner's sentence became final on February 9, 2015. Fed. R. App. P. 4(b)(1)(A)(i); ECF No. 168. For Petitioner's Motion to Amend to be timely, then, he must have filed it on or before February 9, 2016. Petitioner did not file his Motion to Amend, however, until June 6, 2017, more than one year after the deadline. Moreover, Petitioner's Motion to Amend does not "relate back" to his § 2255 Motion because his § 2255 Motion raised only the narrow, specific issue of the sentence reduction under U.S.S.G. § 3E1.1, which is not relevant in any way to the issues raised in his Motion to Amend regarding Petitioner's knowledge of the charges against him, his counsel's failure to note an

appeal, or any Guidelines miscalculation. *See Pittman*, 209 F.3d at 318. Accordingly, the Court finds that the Motion to Amend is untimely.[1]

Even if the Motion to Amend was timely filed, however, the Court would still deny it because the added claims raised therein lack legal merit.

### A. Petitioner Knew the True Nature of His Charges and Knowingly and Voluntarily Pleaded Guilty.

Petitioner alleges that his counsel was ineffective for not informing him of the true nature of the charges against him and for erroneously advising him to plead guilty. ECF No. 252 at 2–5. He states that he did not know the true nature of the elements of his offense, and that he did not knowingly and voluntarily enter his plea agreement. *Id.* at 2–5. The files and records of the case, however, show otherwise. *See* § 2255; *Miller*, 261 F.2d at 547.

A guilty plea must be a voluntary and intelligent decision of the defendant. *Boykin v. Alabama*, 395 U.S. 238, 242 (1969). A defendant's statements at the plea hearing are "strong evidence" of the voluntariness of the plea agreement. *United States v. DeFusco*, 949 F.2d 114, 119 (4th Cir. 1991). When Petitioner was rearraigned, he told the Court that he discussed the charges with his attorney and that he was satisfied with the advice of his counsel. ECF No. 213 at 4:13–20. He told the Court that he discussed the contents of his plea agreement with his attorney and that his attorney was able to answer any questions that he had. *Id.* at 5:16–21. He also told the Court that he and his attorney had discussed the Guidelines. *Id.* at 18:23–19:1.

---

[1] Because Petitioner's Motion to Amend is untimely, all of Petitioner's additional claims raised in his Reply to the Government's Response to his Motion to Amend, ECF No. 291, are also untimely. Petitioner's argument in his Reply that "intervening changes" in the law caused by *Lee v. United States*, 137 S. Ct. 1958 (2017), *Class v. United States*, 138 S. Ct. 798 (2018), and *Honeycutt v. United States*, 137 S. Ct. 1626 (2017), excuse his untimeliness are unavailing. *See* ECF No. 291 at 1. First, none of the cases is substantively applicable to Petitioner's asserted claims and, second, none alters the fact that the new claims fail to "relate back" to the narrow issue of the additional one-point in his BOL raised by Petitioner in his § 2255 Motion. Even if Petitioner's Motion to Amend was timely, the Court would still find the claims asserted in his Reply improperly raised because they went beyond the scope of issues raised in the Government's Response. *See Hull v. United States*, No. RWT 06-1593, 2008 WL 4181946, at *3 (D. Md. Sept. 5, 2008); *see also Hunt v. Nuth*, 57 F.3d 1327, 1338 (4th Cir. 1995) ("[A]ppellate courts generally will not address new arguments raised in a reply brief because it would be unfair to the appellee and would risk an improvident or ill-advised opinion on the legal issues raised.").

11

Despite his now contrary assertions, Petitioner's own statements are strong evidence that he both voluntarily and intelligently pleaded guilty, and that he knew the true nature of his charges. *See DeFusco*, 949 F.2d at 119. Adding the proposed claim, therefore, would be futile.

### B. Petitioner Did Not Make the Requisite Showing that He Unequivocally Asked Counsel to Note an Appeal.

Petitioner states that his attorney told him that he would file an appeal if Petitioner requested and paid an additional fee. ECF No. 252 at 5. Petitioner asserts that he asked his attorney to file an appeal, but his attorney never did. *Id.* He argues that his attorney's failure to file an appeal and raise constitutional issues was deficient, and this deficiency prejudiced him. *Id.* at 8.

If an attorney does not file a notice of appeal after the client unequivocally asks for it, then the attorney is constitutionally ineffective, regardless of whether the client waived his or her right to challenge his or her conviction or sentence in a plea agreement. *See Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000); *United States v. Poindexter*, 492 F.3d 263, 265 (4th Cir. 2007). Petitioner states in his Motion to Amend that

> [a]fter the January 21, 2015 sentencing hearing, Petitioner met with his counsel which counsel stated to Petitioner that if he wanted counsel to file an appeal he would file one, but Petitioner would need to pay an additional fee. Petitioner requested counsel to appeal but was not able to come up with the money for counsel an [sic] Notice of Appeal was never filed on Petitioner's behalf.

ECF No. 252 at 5. Although he states that a notice of appeal was never ultimately filed, Petitioner does not, in the quoted language above or anywhere else in the rest of his argument, state that he made an unequivocal request to appeal, which was subsequently disregarded by counsel. It is unclear from Petitioner's argument whether Petitioner had even actually instructed counsel to file an appeal despite his inability to "come up with the money." Courts require an

unequivocal statement to make the requisite showing of ineffective assistance of counsel. *See Poindexter*, 492 F.3d at 273.

Moreover, to the extent that Petitioner's claim may be construed as counsel's failure to consult with Petitioner whether to file an appeal, case law suggests that Petitioner's counsel did not act unreasonably under the circumstances here where Petitioner waived his right to appeal and the sentence imposed was within the agreed upon Guidelines range. *See, e.g.*, *Flores-Ortega*, 528 U.S. at 479–80 (holding that counsel does not have a constitutional duty to consult with defendant about appeal rights when the defendant pleads guilty, waives his appeal rights, and the sentence imposed is the one contemplated under the plea agreement); *Barnett v. United States*, No. CIV.A. RWT 07-1178, 2009 WL 929529, at *5–6 (D. Md. Apr. 2, 2009) (failure to consult with defendant about appeal rights after sentencing not unreasonable where defendant waived those rights in plea agreement and plea colloquy).

Under the circumstances here, where Petitioner's Motion to Amend is procedurally defaulted in the first place and Petitioner waived his right to appeal, "the Court need not determine whether counsel was 'unequivocally instructed'" to file an appeal, especially in light of the fact that any such appeal would have been frivolous." *Echevarria v. United States*, No. 4:13cv96, 2014 WL 2968103, at *11 (E.D. Va. June 30, 2014) (citing *Bell v. Jarvis*, 236 F.3d 149, 164 (4th Cir. 2000)). Accordingly, any amendment asserting this argument would be futile.

**C. The Court Correctly Calculated Petitioner's Guidelines Range; Thus, His Actual Sentence Was Not Plain Error Under *Molina-Martinez v. United States*.**

Petitioner seems to argue that his sentence was plain error under *Molina-Martinez v. United States*, 136 S. Ct. 1338 (2016). ECF No. 252 at 8–9. Petitioner is correct that *Molina-Martinez* essentially held that it is plain error to miscalculate the Guidelines range even if

the sentence imposed falls somewhere within the properly calculated Guidelines range. 136 S. Ct. at 1345 ("When a defendant is sentenced under an incorrect Guidelines range—whether or not the defendant's ultimate sentence falls within the correct range—the error itself can, and most often will, be sufficient to show a reasonable probability of a different outcome absent the error."). However, the Court did not miscalculate Petitioner's Guidelines range, so his argument fails and any amendment would be futile.

### 4. Certificate of Appealability

Petitioner may not appeal this Court's denial of relief under § 2255 unless it issues a certificate of appealability. *United States v. Hardy*, 227 F. App'x 272, 273 (4th Cir. 2007). A certificate of appealability will not issue unless Petitioner has made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2012); *Hardy*, 227 F. App'x at 273. "A prisoner satisfies this standard by demonstrating that reasonable jurists would find that any assessment of the constitutional claims by the district court is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable." *United States v. Riley*, 322 F. App'x 296, 297 (4th Cir. 2009).

This Court has assessed the claims in Petitioner's § 2255 Motion on the merits and found them deficient. No reasonable jurist could find merit in any of Petitioner's claims, and thus no certificate of appealability shall issue.

### 5. Conclusion

For the reasons discussed above, Petitioner's § 2255 Motion and Motion to Amend will be denied and no certificate of appealability shall issue. A separate order will follow.

DATE: August 1, 2018                                /s/
                                        ROGER W. TITUS
                                        UNITED STATES DISTRICT JUDGE