```
          IN THE UNITED STATES DISTRICT COURT
             FOR THE DISTRICT OF MARYLAND
```

|   |   |
|---|---|
| UNITED STATES OF AMERICA | : |
| v. | : Criminal No. DKC 13-0525-2 |
| RICKY LEE HOLLOWAY | : |

**MEMORANDUM OPINION AND ORDER**

Mr. Holloway filed a letter requesting relief due to the COVID-19 pandemic.  ECF No. 334.  He discusses the hardships that his family has endured during his imprisonment and requests "any type of relief to get home with my wife and kids" due to COVID-19.  He states that he doesn't know how to file a motion and that he's been trying to reach an attorney to no avail.  He is currently serving a 14-year sentence as a result of his conviction for conspiracy to distribute and possession with intent to distribute controlled substances.  According to the BOP website, his current projected release date is July 20, 2025.  For the following reasons, Mr. Holloway's request will be denied without prejudice to renewal.

There is no general right to representation in post-conviction proceedings.  In this case, Mr. Holloway's request does not present a complicated or unresolved legal question and the appointment of an attorney would not have remedied the outcome.

Ordinarily, "[t]he court may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c)(2018). This general rule is subject to certain exceptions, including the compassionate release provision, which allows the Bureau of Prisons ("BOP") to seek a modification of a prisoner's sentence. See *id.* § 3582(c)(1)(A). Under the First Step Act of 2018, the compassionate release provision was modified to allow prisoners also to seek a sentencing reduction directly from the Court. The provision now provides, in relevant part, that:

> The court may not modify a term of imprisonment once it has been imposed except that:
>
> (1) in any case that—
>
> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction;
>
> *   *   *
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

The requirement to exhaust administrative remedies requires, first, that the prisoner direct a request to the warden to bring

a motion on his behalf. There is no particular form for such a request, although it must be addressed to the warden and seek compassionate release for extraordinary and compelling reasons. Whether a question of subject matter jurisdictional or mandatory claims processing, the exhaustion requirement must be satisfied. *See, United States v. Alam*, 960 F.3d 831, 832-35 (6th Cir. 2020). If Mr. Holloway made a request to the warden, the contents are not before the court.

Accordingly, Mr. Holloway's request for compassionate release (ECF No. 334) BE, and the same hereby IS, DENIED without prejudice for failure to demonstrate administrative exhaustion. If Mr. Holloway files a new motion, he would be well advised that it must contain evidence to establish the exhaustion of administrative remedies available through the Bureau of Prisons, as well as circumstances that he asserts constitute extraordinary and compelling reasons for release.

September 9, 2020                                /s/
                                     DEBORAH K. CHASANOW
                                     United States District Judge